IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 05-cv-00788-EWN-CBS

ROBERT COOK,
    Plaintiff,
v.

THE FEDERAL BUREAU OF PRISONS,
MR. HARLEY G. LAPPIN, Director of BOP, and
MR. L. SMITH, (Former) Disciplinary Hearing Officer,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on Defendant Federal Bureau of Prisons' ("BOP") Motion to Dismiss filed on December 7, 2005. (Doc. #24). The court has not received Robert Cook's ("Cook") Response to Defendant's Motion to Dismiss. Pursuant to the General Order of Reference dated August 1, 2005, and the memorandum dated December 9, 2005 (Doc. #25), this matter was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other nondispositive motions" and "submit proposed findings of fact and recommendations for rulings on dispositive motions. . . ." The court has considered BOP's Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises.

**I. BACKGROUND**

Cook's *pro se* Complaint, filed on June 3, 2005, asserts a claim under *Bivens v. Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Compl. ¶ 1). Cook asserts a

1

single claim for relief under the Fifth Amendment of the U.S. Constitution against three defendants: The Federal Bureau of Prisons, Mr. Harley G. Lappin, and Mr. L. Smith. (Compl. ¶ 1). Cook's Complaint contends that he was denied the protections provided him under the Fifth Amendment when the defendants conducted a disciplinary hearing 1) without allowing him to have the requested staff representative present, and 2) refusing to call a requested witness. (Compl. ¶ 2).

Cook alleges that he came into contact with William Davidson on the Florence penitentiary recreation field. (Compl. ¶ 2). Cook and Davidson conversed and decided to venture across the field to have a drink of wine. (Compl. ¶ 2). Upon being asked by one of the correctional officers to stop, Davidson handed Cook a "homemade knife." (Compl. ¶ 2). Cook contends that once he realized what he had in his hand, he immediately threw the knife to the ground. (Compl. ¶ 2). Cook asserts that Davidson readily admitted to ownership of the knife, but was not charged with the offense. (Compl. ¶ 2). Cook was charged with refusing to obey an order and possession of a weapon. (Compl. ¶ 2).

BOP responded to Cook's Complaint by filing the present Motion to Dismiss. BOP alleges that Cook bears the burden of demonstrating that the court has jurisdiction over Cook's *Bivens* claim against each defendant. (Defendant's Motion to Dismiss ¶ 3). BOP argues that Cook cannot meet this burden, contending that Cook's *Bivens* claim is barred by sovereign immunity. (Defendant's Motion to Dismiss ¶ 3).

## II. ANALYSIS

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1981), the Supreme Court held that a victim could sue federal officials in their individual

2

capacities for violations of constitutional rights. BOP contends that any claim brought against it is barred by sovereign immunity absent express statutory consent authorizing such relief. Although BOP's argument has merit, a *Bivens* claim may only be brought against a federal agent in his or her individual capacity; not against a federal agency or agents in their official capacities. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). ("[T]he purpose of Bivens is to deter the officer...if we were to imply a damages action directly against federal agencies,...there would be no reason for aggrieved parties to bring damage actions against individual officers...[T]he deterrent effects of the Bivens remedy would be lost."); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity."). Therefore, Cook's claim against BOP for violation of his Fifth Amendment right must be dismissed because a *Bivens* claim may not be asserted against a federal agency or federal agents in their official capacities.

### III.  PLAINTIFF'S FAILURE TO PAY FILING FEES

On June 8, 2005, Cook was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed to pay an initial partial filing fee and to pay the $234.00 remainder of the filing fee through monthly installments. (June 8, 2005 Order (Doc. # 6) at pp. 1-3). On July 7, 2005, Cook submitted an initial $16 partial filing fee. On September 28, 2005, the court noted that Cook had failed to make the required monthly payments since July 7, 2005 or to show cause why he has no assets and no means by which to make the monthly payments. The court again ordered Cook to make the required monthly payments of twenty percent (20%) of his preceding month's income credited to his account until the filing fee is paid in full, or show cause each month why he has no assets or no means by which to make each monthly payment. (September 8,

2005 Order (Doc. # 15)). The court warned Cook that failure to comply with these requirements could result in dismissal of the Complaint without further notice. (September 8, 2005 Order (Doc. # 15)).

On October 27, 2005, Cook requested "that the Clerk of the Courts send me a copy of the accurate amount that I (Robert Cook) have to send to the courts for the monthly filing fee. . . ." Accompanied with the request, the court received a copy of Cook's account statements indicating that he has received deposits in excess of $1,000 in the past ten months. (See financial statements attached to Docs. #21, #20, #19, and #4). In an Order dated November 2, 2005, the court again explained to Cook that he is required to "make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month...why he has no assets and no means by which to make the monthly payment." The court noted that Cook had not made any payments since his $16.00 initial partial filing fee on July 7, 2005. (November 2, 2005 Order (Doc. # 23)). Nor had Cook shown cause why he had no assets and no means by which to make the required monthly payments.

On December 13, 2005, the court again ordered Cook to make the required monthly payment of twenty percent (20%) of the preceding month's income credited to his trust fund account on or before the 15th day of each and every month, without additional notice from the court, or file a certified copy of his inmate trust account statement for the preceding month demonstrating that he has no assets or no means by which to make monthly payment. The court again warned Cook that if he did not comply with the Order, this civil action may be dismissed without further notice." (December 13, 2005 Order (Doc. # 27) at p. 3).

On January 1, 2006, Cook filed a Motion for Extension of Time to Make Monthly

Payment or to Show Cause (Doc. #28), indicating that he was unable to get both his monthly financial income report and the necessary authorization form to allow the institution to automatically withdrawal the requisite monthly filing fee from his trust fund account because the institution was locked down. Accompanied with the Motion was a Memorandum from the Federal Bureau of Prisons in Florence, Colorado, indicating that the institution will remain on lockdown until further notice following a staff assault. Additionally, Cook requested that the court "send me the actual amount that I . . . have to send."

On January 9, 2006, the court granted Cook's Motion for Extension of Time to Make Monthly Payment or to Show Cause to February 9, 2006. (*See* January 9, 2006 Order (Doc. # 31)). The court again ordered Cook to make the required monthly payments of twenty percent (20%) of each month's income credited to his inmate trust account for the months of July 2005, August 2005, September 2005, October 2005, November 2005, December 2005, January 2006, February 2006, or to show cause why he cannot make the required monthly payments by filing a certified copy of his inmate trust account statement for those months. The court again warned Cook that if he failed to comply with th Order, "this civil action may be dismissed without further notice." (*See* January 9, 2006 Order (Doc. # 31) at p. 3).

To date, Cook has not made any payments since his $16.00 initial partial filing fee on July 7, 2005 or shown cause why he has no assets and no means by which to make the required monthly payments. Cook has not responded to the court's January 9, 2006 Order. Cook has not complied with the court's January 9, 2006 Order, December 13, 2005 Order, September 28, 2005 Order, or June 8, 2005 Order. Therefore, the court will recommend that this civil action be dismissed for Cook's failure to comply with the court's January 9, 2006 Order, December 13,

2005 Order, September 28, 2005 Order, or June 8, 2005 Order and failure to make the requisite court filing fee payments.

While Fed. R. Civ. P. 41(b) permits dismissal for failure to comply with an order of the court, when a dismissal is with prejudice it should be determined by reference to the criteria set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994). When the statute of limitations would prohibit refiling of a case, even dismissal without prejudice is a sanction that requires the trial court to address the criteria set forth in *Ehrenhaus*.

*Bivens* actions, like civil rights actions asserted pursuant to 42 U.S.C. § 1983, are subject to the statute of limitations found in the general personal injury statute of the state in which the action arose. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (in an action brought under *Bivens*, a plaintiff must satisfy the forum state's personal injury statute of limitations). Colorado provides for a two-year statute of limitations for such actions. *See* Colo. Rev. Stat. § 13-80-102 (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

"Although state law establishes the statute of limitations, federal law determines when [Rivera's] federal *Bivens* claims accrued." *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (citing *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir.1994) ("The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action.")).

Cook's *Bivens* claim accrued on or about May 14, 2004, the date that Cook alleges he was denied his Fifth Amendment rights.  (*See* Complaint at p. 4).  Thus, absent tolling, Cook must bring his *Bivens* claim on or about May 14, 2006.  By the time the District Judge makes a final determination on this Recommendation, the limitations period may have passed.

The criteria that the court must consider are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).  The prejudice to the Defendant is negligible. The judicial process has been prejudiced by the complete lack of any meaningful advancement in the case, as well as the time spent by the court seeking an explanation for Cook's failure to respond or comply with the court's orders.  Cook was responsible for responding to the court's Orders dated January 9, 2006, December 13, 2005, September 28, 2005, and June 8, 2005.  Cook has been fully warned of the possibility of dismissal for failure to comply with his obligation to make the requisite court filing fee payments or to show cause why he has no assets and no means by which to make the monthly payments.  (*See* court's Orders dated January 9, 2006, December 13, 2005, September 28, 2005, and June 8, 2005).  There was no reasonable lesser sanction available, as imposition of a financial sanction would have been futile.  The court's analysis of the relevant factors supports its recommendation for dismissal of this civil action.

## IV.  CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1.      Defendant Federal Bureau of Prisons' Motion to Dismiss (filed December 7, 2005) (Doc. #24) be GRANTED and Defendant Bureau of Prisons' be dismissed from this civil action.

2.      This civil action be dismissed for Cook's failure to comply with the court's January 9, 2006 Order, December 13, 2005 Order, September 28, 2005 Order, or June 8, 2005 Order and failure to make the requisite court filing fee payments.

## V.  ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may

bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 16th day of March, 2006.

                                      BY THE COURT:

                                      *s/Craig B. Shaffer*
                                      United States Magistrate Judge